SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

Attorneys for Plaintiff
ROBERT S. KOSLOFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. KOSLOFF,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAFE VASILIKI; VASILIKI, INC.; DOUGLAS VASILIKI,;and DOES 1-25, Inclusive,<br><br>　　　　Defendants.<br>_____ / | CASE NO. C 02 5931 CW ADR<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff ROBERT S. KOSLOFF complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC RESTAURANT (§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1.　　Plaintiff is a "person with a disability" or "physically handicapped person."[1]

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2.  **SUMMARY**: This case involves the denial of parking, path of travel, restroom and related facilities to Plaintiff and other disabled persons at the Cafe Vasiliki, 25202 Hesperian Boulevard, Hayward, Alameda County, California. Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law, as hereinbelow described. Plaintiff was denied his rights to full and equal access at the restaurant and, most humiliatingly, the public restroom facilities, because the restaurant and its facilities were not properly accessible to disabled persons such as Plaintiff who use wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the public facilities in this restaurant will be provided accessible entry, proper accessible facilities, and proper access to usable sanitary facilities. Plaintiff also seeks recovery of damages for his personal injuries and discriminatory experiences of October 19, 2002 and seeks recovery of reasonable attorneys' fees and litigation expenses and costs, according to statute.

3.  **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4.  **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5.  **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Plaintiff's causes of action arose in said intradistrict.

6.  Defendants above named, and each of them, and DOES 1-5, Inclusive, are the

1  owners, operators, lessors, lessees, franchisors, and/or franchisees of the subject property, premises, and restaurant. This building is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of the California Civil Code, §54, et seq. On information and belief, such facility has, since July 1, 1970, either been constructed or undergone "alterations, structural repairs, or additions" subjecting such restaurant to disabled access requirements per sections 19955-19959 Health & Safety Code.

7.  The true names and capacities of Defendants DOES 1 through 25, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8.  Defendants above named, and each of them, and DOES 1-25, Inclusive, are and were the owners, operators, lessors, lessees, franchisors, and/or franchisees of the subject restaurant at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9.  Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in Hayward, Alameda County, State of California.

10.  §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public

1  accommodations are defined to include restaurants. §19955 Health & Safety Code also requires
2  that, "When sanitary facilities are made available for the public, clients or employees in such
3  accommodations or facilities, they shall be made available for the physically handicapped." Title
4  24, California Code of Regulations, formerly known as the California Administrative Code, was
5  in effect at the time of each alteration which, on information and belief, occurred at such public
6  facility since July 1, 1982, thus requiring access complying with the specifications of Title 24
7  whenever each such "alteration, structural repair or addition" is carried out.  On information and
8  belief, the original construction of the building and/or alterations, structural repairs, or additions
9  which additionally triggered access requirements also occurred between July 1, 1970 and July 1,
10 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations
11 then in effect.
12         11.    On October 19, 2002 Plaintiff and two (2) friends were customers at the subject
13 restaurant.  Plaintiff drove his van to the restaurant. Upon entering the parking lot, Plaintiff
14 observed that the front, primary entrance was not accessible to persons such as Plaintiff who
15 require the use of a wheelchair for mobility.  Although the restaurant parking lot does not contain
16 any van accessible parking spaces as required by law and regulation, Plaintiff managed, with
17 difficulty, to park and exit his van. Because the primary, front entrance was totally inaccessible,
18 Plaintiff proceeded to a side entrance to the restaurant. Upon arriving at the side entrance, Plaintiff
19 obtained the assistance of his friends to open the door so that he could enter. In this regard, the
20 secondary entrance does not have the 24" "strike side clearance" required by law and regulation.
21 After Plaintiff and his friends finished their lunch, Plaintiff required the use of a restroom. After
22 learning of its location, Plaintiff proceeded to the restroom but was unable to gain entry because
23 the hall and doorway was not wide enough to permit Plaintiff to proceed to the interior of the
24 restroom. Had Plaintiff been able to gain entry to the interior of the restroom, he would have
25 found that it 1) was not accessible to or useable by him because the toilet stall space is too small
26 to permit a transfer from a wheelchair to the toilet seat, 2) lacked strike side clearance on the
27 interior pull side of the entry door, 3) lacked the required clear width on the interior vestibule door,
28 4) lacked grab bars in the toilet stall and sufficient depth to close the stall door when occupied by

1   a person in a wheelchair, 5) lacked proper height of the toilet seat and urinal, 6) lacked proper knee
2   space under the lavatory, and 6) lacked proper height of the paper towel dispenser, all in violation
3   of the requirements of law and regulation. Plaintiff, who was in dire need of the use of a restroom,
4   was forced to leave the premises as quickly as possible and proceed to an accessible restroom
5   elsewhere.

6   12.   On information and belief, the premises and its facilities are inaccessible to persons
7   in wheelchairs in other aspects in violation of State and Federal law, including but not limited to
8   the following; lack of proper number of disabled accessible parking spaces, lack of proper
9   signage, lack of extensions at the top and bottom of the primary entrance stair handrails and lack
10  of contrast stair striping, lack of a sufficient percentage of disabled accessible seating, lack of
11  access in the women's restroom, lack of proper access at the cashier's counter, and lack of proper
12  access at the pay telephones. The premises and facilities should be brought into compliance with
13  all applicable State and Federal requirements.

14  13.   As a result of plaintiff's encounter as heretofore set forth, Plaintiff was denied full
15  and equal access in violation of his civil rights, all to his extreme embarrassment, humiliation, and
16  damages according to proof.

17  14.   Further, any violation of the Americans With Disabilities Act of 1990, (as pled in
18  the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein,
19  word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code,
20  thus independently justifying an award of damages and injunctive relief pursuant to California law,
21  including but not limited to 54.3 and 55 Civil Code.

22  15.   Further, any violation of the Americans With Disabilities Act of 1990, (as pled in
23  the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein,
24  word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil
25  Code, thus independently justifying an award of damages and injunctive relief pursuant to
26  California law, including but not limited to §§54.3 and 55 Civil Code.

27  16.   **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the above acts
28  and omissions of Defendants, which are continuing on a daily basis and have the effect of

wrongfully excluding Plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to the restaurant. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places; Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this public restaurant and its facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court. Further, Defendants should also provide accessible restrooms for disabled women, without the necessity of a separate lawsuit or disabled women joining in this lawsuit.

17.  **DAMAGES:** As a result of the denial of equal access to the restaurant and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the subject facility, Plaintiff suffered a violation of his Civil Rights including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that he was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the Restaurant's public facilities on a full and equal basis as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

18.  **PUNITIVE DAMAGES:**  On information and belief, Defendants were aware prior to Plaintiff's encounter at the restaurant and denial of access that their lack of accessible facilities at the restaurant was denying "full and equal access" to disabled persons, and would continue to deny such access on a daily basis until fully accessible facilities were provided for disabled patrons of the restaurant. On information and belief, Defendants were also on notice of such lack of disabled access and the effect it had and would continue to have on disabled persons

due to prior complaints about the lack of access by and on behalf of disabled persons and by notification from other sources.

19. On information and belief, the acts and omissions of Defendants in failing to provide the required accessible restroom and other facilities at the time of Plaintiff's visit and injuries, and Defendants' failure to promptly install accessible restrooms and accessible restroom stalls after previous complaints, so that these facilities could properly and safely be used by disabled persons, indicate implied malice toward Plaintiff and other disabled persons, and despicable conduct carried on by Defendants with a willful and conscious disregard for the rights and safety of Plaintiff and of other disabled persons, and justify exemplary damages pursuant to §3294 Civil Code in an amount sufficient to make an example of Defendants and to carry out the purposes of §3294 Civil Code.

20. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of §54.3 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

21. Wherefore Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law. Plaintiff further requests that the court award damages, attorneys' fees, litigation expenses and costs pursuant to Civil Code §54.3 and statutory costs, attorneys' fees, and litigation expenses pursuant to §19953 Health & Safety Code, Civil Code §55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

24. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

25. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public

1 accommodations" for purposes of this title are a "... a restaurant, bar or other establishment serving food or drink." (§301(7)(B)).

26. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27. Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

<u>§302(b)(2)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

<u>§302(b)(2)(A)(v)</u>: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law.

29. On information and belief, as of the date of Plaintiff's visit to the restaurant, and as of the date of the filing of this Complaint, the premises denied full and equal access to Plaintiff and to other disabled wheelchair users in other respects, which violated Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of his disability, thus

wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

30.  Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before plaintiff's encounter.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31.  Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the Restaurant.

Wherefore Plaintiff prays for relief as hereinafter stated:

**PRAYER**

1.  Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, lessees, franchisors and/or franchisees of the subject restaurant to modify the above described restaurant and related facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide restaurant facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law; and that defendants be prohibited from operating this restaurant as a public accommodation until such access for disabled persons is provided.

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in an amount within the jurisdiction of the Court, and punitive damages in an amount sufficient to make an example of Defendants, all according to proof;

4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: 12/24/02         SIDNEY J. COHEN
                        PROFESSIONAL CORPORATION

                                signed-Sidney J. Cohen
                        By _____
                           Sidney J. Cohen
                           Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 12/24/02         SIDNEY J. COHEN
                        PROFESSIONAL CORPORATION

                                signed-Sidney J. Cohen
                        By _____
                           Sidney J. Cohen
                           Attorney for Plaintiff

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no interest to report.

Dated: 12/24/02         SIDNEY J. COHEN
                        PROFESSIONAL CORPORATION

                                signed-Sidney J. Cohen
                        By_____
                           Sidney J. Cohen
                           Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint for Damages and Injunctive Relief -12- Complaint-Damages-Inj-Relief